Filed 9/30/14  P. v. Wanless CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C075115 |
| Plaintiff and Respondent, | (Super. Ct. No. 0F11184) |
| v. | |
| MICHAEL CALVIN WANLESS, | |
| Defendant and Appellant. | |

A November 2006 parole search of defendant Michael Calvin Wanless's motel room yielded 27.1 grams of methamphetamine, $3,000 cash, and a syringe.[1]  A jury found defendant guilty of possession of methamphetamine for sale.  (Health & Saf. Code, § 11378.)  The trial court found true 14 "strike" allegations (Pen. Code, §§ 667,

---

[1]    Because the present record does not include a reporter's transcript, our statement of facts is taken from the probation officer's report.

1

subds. (b)-(i), 1170.12),**2** two prior prison term allegations (§ 667.5, subd. (b)), and an on-bail allegation (§ 12022.1).

In August 2007, defendant was sentenced to prison for 25 years to life plus two years for the prior convictions. He was ordered to pay a $5,400 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $5,400 restitution fine suspended unless parole is revoked (Pen. Code, § 1202.45), and a $162.50 laboratory analysis fee (Health & Saf. Code, § 11372.5, subd. (a)) including penalty assessments.

In September 2013, defendant filed a "Motion to Recall Sentence (Pen. Code, § 1170.126)" in the trial court. The motion requested that defendant be resentenced to a second strike sentence. The trial court summarily denied the motion because defendant had a 1982 prior conviction for attempted murder. (§§ 187, subd. (a), 664.) The court relied on section 1170.126, subdivision (e)(3), which provides that an inmate is not eligible for recall of sentence if he has a prior conviction for an offense appearing in section 1170.12, subdivision (c)(2)(C)(iv)(IV). The relevant offense is "[a]ny homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive." ( § 1170.12, subd. (c)(2)(C)(iv)(IV).)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Thereafter, in *People v. Anderson* (Sept. 12, 2014, C073576) ___ Cal.App.4th ___ [2014 Cal.App. Lexis 828] (*Anderson*), this court held that a defendant is not entitled to

---

**2**      Further statutory references are to the Penal Code unless otherwise indicated.

*Wende* review on an appeal from the denial of his petition for recall and resentencing pursuant to section 1170.126.  (*Anderson, supra*, at pp. \_\_\_\_\_ [slip opn. at pp. 2, 3-9].)  We explained that the appeal was not the defendant's first appeal as of right from a criminal conviction, and there is no independent due process right to *Wende* review in this particular context.  Because appointed counsel's *Wende* brief satisfied the applicable requirements, we dismissed the appeal as abandoned.  (*Anderson, supra,* at pp. \_\_\_ [slip opn. at pp. 4-9].)  We follow that procedure here.

DISPOSITION

The appeal is dismissed.


           NICHOLSON      , J.


We concur:


      RAYE           , P. J.


      ROBIE         , J.